407 A.2d 1308

**COMMONWEALTH of Pennsylvania**

v.

**David TURK, Peter Turk, and Edward Turk, Appellants.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided July 25, 1979.

Petition for Allowance of Appeal Denied Jan. 4, 1980.

Michael A. Litman, Pittsburgh, for appellants.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following jury trial and verdict of guilty to numerous charges including aggravated assault and criminal conspiracy, crimes for which prison sentences were imposed, sentences suspended otherwise.[1] The sole question preserved for our consideration is a claim of abuse of discretion below in refusing appellants' motion for mistrial.

Pertinent facts are that during the court's charge to the jury, the victim, a witness for the Commonwealth, was suddenly taken ill and was removed from the courtroom for

---

1. At trial our appellants, all represented by one counsel, were tried with a fourth defendant, represented by different counsel.

medical attention. Defense counsel moved for a mistrial. The court and counsel discussed the occurrence as it might have upset the jurors, one in particular appearing to be disturbed by what had transpired. Counsel further requested that each juror be asked whether he or she could go forward to render an impartial decision. The Commonwealth attorney objected to an individual voir dire because a juror might avail himself of the opportunity to be removed from service for the reason that the case was difficult, rather than a clouding of judgment caused by emotion. Having heard that the juror who appeared upset was all right following a medical examination, the court decided to and did address the entire jury thus:

> Members of the jury, I presume you're all physically able to go on with this trial, but I want to pose this question to you: In view of this unfortunate incident, is there anybody on this jury that feels that he or she can't render an impartial verdict? Nobody answers, so I presume you're all saying that you can render an impartial verdict in this case.

Mistrial was refused, and the charge continued.

■ Appellants ground their argument upon the allegation that the courtroom disturbance had a prejudicial effect upon the jury. The injuries sustained at the hands of appellants were said to be a skull fracture resulting in confusion and the need for psychiatric treatment. Appellants claim that there was an inference that the witness-victim's sudden collapse was caused by these injuries. At the least, to avoid prejudice, appellants now argue that the lower court should have questioned each juror instead of questioning them as a body.

■ We disagree. There is nothing in the record to indicate support for the proposition that the victim's injuries, however serious, caused his collapse. Further we rely upon the lower court's faith in the truthfulness and reasonableness of the jurors in responding to the court's question, asked of them as a body. It is within the discretion of the trial judge as to the propriety of granting a mistrial. *Com-*

monwealth v. Tribblett, 242 Pa.Super. 164, 363 A.2d 1212 (1976). Appellants refer to several cases wherein trial courts cautioned jurors to disregard disruptive occurrences which arose in the course of trials. We do not presume that the collapse of the witness in this case could be ignored by the jury no matter how strong an admonition the court might give. However, we conclude that the lower court properly handled the situation by inquiring whether any juror felt upset in such a way as to prevent the juror from carrying out his or her duty to render an impartial verdict. This, together with the clear report that the obviously upset juror had not been affected adversely from a medical standpoint, shows no prejudice to appellants.

Affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

In this case the victim collapsed in the middle of the charge when the trial judge was describing the testimony concerning the aggravated assault; there were screams, shouts, and other types of commotion among the trial spectators; and one of the jurors became visibly upset and was treated by a doctor. The trial judge denied appellants' motion for a mistrial and their request for a cautionary instruction. The judge also denied appellants' request that each juror be questioned individually as to his or her ability to remain impartial; the judge explained this ruling by saying that he feared that the jurors would attempt to get out of deciding this difficult case by lying and saying that they were adversely affected. N.T. 559–61. The judge then only questioned the jurors as a group, and upon receiving no response indicating prejudice, he assumed that they could act impartially.

In deciding only to question the jurors as a group, the judge stated that "we have to trust jurors." N.T. 563. This statement appears inconsistent with the judge's belief that individually questioned jurors would tell lies to get out of deciding a difficult case. Putting this inconsistency aside,

however, I disagree with the judge that jurors are more truthful when questioned as a group than when questioned individually. The opposite is more probably true. By asking only a single general question directed to the jurors as a group, the judge placed upon each juror the burden of separating himself or herself from the group, and, standing up alone, confessing to feelings perhaps not shared by other members of the group. I suggest that this was not a good way of discovering whether the incident in question had had a prejudicial impact upon the jurors. All of us are likely to take the easy course. The easy course here was for the jurors just to sit still and say nothing, rather than stand up and possibly be embarrassed. *Cf. United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975) (requiring juror to contradict statements of jury foreman was not the proper means of furnishing an adequate showing that jury agreed with foreman that they were deadlocked). Individual questioning of each juror was essential, especially of the visibly upset juror.

I should therefore reverse and remand for a new trial.