J-S11031-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
BRYAN D. HARROLD, :
:
Appellant : No. 1168 WDA 2019

Appeal from the Judgment of Sentence Entered January 31, 2019
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0006216-2016

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED JULY 01, 2020

Bryan D. Harrold ("Harrold") appeals from the judgment of sentence

entered following his convictions of rape of a child, involuntary deviate sexual

intercourse with a child ("IDSI"), aggravated indecent assault, endangering

the welfare of children, corruption of minors, and attempted rape.[1] We affirm.

Harrold was charged with the above-mentioned crimes after his

paramour's minor daughter accused Harrold of repeatedly sexually abusing

her when she was between the ages of 10 and 15. At the time, Harrold lived

with the victim's mother in Westmoreland County, Pennsylvania. At the outset

of the abuse, the victim lived with her father and would visit her mother at

the residence that she shared with Harrold. The victim moved into the

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(a)(7), 3126(a)(7), 4304(a)(1),
6301(a)(1)(ii), 901(a).

residence with Harrold and her mother when she was approximately 13 years old. The victim accused Harrold of sexually abusing her several times a week in the basement area of the home while her mother was at work or otherwise not present. The abuse continued until the victim reported the abuse to her mother in October 2015. Westmoreland County Children and Youth Services initiated an investigation; the matter was referred to police; and Harrold was arrested in December 2016.

Following a jury trial, Harrold was found guilty of the above-mentioned offenses. The trial court deferred sentencing for the purposes of preparing a pre-sentence investigation report ("PSI"). On January 31, 2019, the trial court sentenced Harrold to a term of 15 to 30 years in prison for the rape of a child conviction, and a consecutive term of 5 to 10 years in prison for the IDSI conviction. Further, the trial court ordered Harrold to comply with the registration provisions pursuant to the Sexual Offenders Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41.

Harrold filed post-sentence Motions to reconsider his sentence and for a new trial. In his joint Motions, Harrold challenged the trial court's sentence as excessive and the trial court's failure to grant his request for a mistrial, and claimed that his trial counsel was ineffective. The trial court denied Harrold's Motions. Thereafter, Harrold filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Harrold raises the following questions for our review:

I. Did the [trial c]ourt abuse its [d]iscretion by [d]enying [Harrold's] Motion to [r]econsider [s]entence, imposing a sentence that is contrary to the dictates of the Sentencing Code and to the fundamental norms of the sentencing process?

II. Did the [trial c]ourt abuse its [d]iscretion by [d]enying [Harrold's] Motion for [m]istrial:

>    A. [w]hen the alleged victim suffered a "seizure" while testifying in front of the jury on the witness stand[,] and said event may have prejudiced the jury, thereby depriving [Harrold] of a fair and impartial trial; and
>
>    B. [a]s [Harrold] believes that witnesses lacked credibility and that any evidence was insufficient to support the jury verdict of guilty?

Brief for Appellant at 4.

First, Harrold alleges that the trial court abused its discretion when it denied his post-sentence Motion challenging the discretionary aspects of his sentence. Id. at 13. Harrold argues that, even though his sentence falls within the sentencing guidelines, it was nevertheless excessive. Id. at 15. Harrold states that his sentence carried a mandatory minimum sentence of 10 years in prison, but he was instead sentenced to serve a minimum of 15 years in prison. Id.

An appellant who challenges the discretionary aspects of his sentence must first invoke this Court's jurisdiction by satisfying a four-part test:

>    (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

Our review of the record confirms that Harrold timely filed his Notice of Appeal, and that he properly preserved the issues by including them in his post-sentence Motion for reconsideration of his sentence. Additionally, Harrold has included in his appellate brief a Statement pursuant to Pa.R.A.P. 2119(f). Consequently, we now review whether Harrold has presented a substantial question for our review.

The determination of what constitutes a substantial question is evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Griffin, 65 A.3d at 935 (citation and quotation marks omitted).

Harrold's 2119(f) Statement states, in relevant part, the following:

Harrold requests that this [] Court review the discretionary aspects of his sentence as the herein issue presents "a substantial question under the Sentencing Code." Commonwealth v. Pittman, 737 A.2d 272,[ ]274 (Pa. Super.[ ]1999). Our Supreme Court has held that a substantial question exists when such an allegation has been made and are [sic] clearly unreasonable. Commonwealth v. Mouzon, 812 A.2d 617, 625[] (Pa. 2002).

[] Harrold was a lifetime drug user. He was 51 years old with a prior record score of "2" with no previous history of committing any sexual offenses or crimes against children. While his conviction for [r]ape of a [child] under 18 … carries a mandatory minimum sentence of 10 years under § 9718(a)(3) of the [S]entencing [C]ode, [Harrold] believes that his sentence imposed of 15-30 years' incarceration is not appropriate.

Brief for Appellant at 13.

We conclude that Harrold has not raised a substantial question for our review. While Harrold lists in his Rule 2119(f) Statement several factors that could be considered to be mitigating factors—his history of drug abuse, his age, his prior record score, and his lack of any other convictions for sexual offenses or crimes against children—he does not contend that the sentencing court failed to adequately consider these mitigating factors in constructing his sentence.

Moreover, the record reflects that the sentencing court had the benefit of a PSI. "Where the sentencing court had the benefit of a [PSI], we can assume that the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010). Further, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." Id. Because we conclude that Harrold has failed to

raise a substantial question for our review, we afford him no relief in his challenge to the discretionary aspects of his sentence.[2]

Second, Harrold claims that the trial court abused its discretion when it denied his Motion for a mistrial. Brief for Appellant at 16. Harrold argues that the victim's seizure event, which took place as she testified against him at trial, was inherently prejudicial and should have resulted in a mistrial. Id. Harrold alleges that the victim was faking the seizure, and claims that the victim "lies[] to get attention" through the seizures. Id. Harrold claims that the trial court's remedy of interviewing each juror as to their ability to render a fair and impartial verdict following the seizure was insufficient, as "the damage to his case was already done." Id. at 19.

Our review over a trial court's denial of a motion for a mistrial is limited to a determination of whether the trial court abused its discretion. Commonwealth v. Savage, 602 A.2d 309, 312 (Pa. 1992). "The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and

_____

[2] We note that even if Harrold had raised a substantial question for our review, the sentence imposed upon him was reasonable, and we would discern no abuse of the trial court's discretion. As Harrold concedes in his brief, his conviction carries a mandatory minimum sentence of 10 years in prison. See 42 Pa.C.S.A. § 9718(a)(3). Based upon the offense gravity score and Harrold's prior record score, the sentencing guidelines recommend a minimum sentencing range of 8 years to 40 years in prison for the rape conviction. Further, our review of the record reveals that the sentencing court ably addressed its reasons for fashioning Harrold's sentence on the record. N.T. (Sentencing), 1/31/19, at 20-21.

impartial tribunal." Commonwealth v. Cornelius, 180 A.3d 1256, 1261 (Pa. Super. 2018) (citation omitted). We will not readily find an abuse of discretion where the trial court moves expeditiously to correct any prejudicial effect that an unexpected courtroom event may have on a jury. Id.

This Court and our Supreme Court have repeatedly affirmed trial courts' refusal to grant a mistrial in similar incidents. In Commonwealth v. Simmons, 662 A.2d 621 (Pa. 1995), during the appellant's trial, the victim fainted in the presence of the jury after completing her testimony against the defendant for an attempted rape. Id. at 634. The trial judge immediately ordered that the jurors be removed from the courtroom as the victim received assistance, informed the jurors upon their return that the victim had recovered, and was on her way home. Id. The defendant moved for a mistrial, which the trial court denied. Id. at 635. Our Supreme Court ultimately held that "given the brevity of the incident, the quickness in which the trial court removed the jurors, and the promptness of the trial court in informing the jurors that [the victim] was doing fine and on her way home, we find that the appellant suffered no prejudice from this incident." Id.

Further, in Commonwealth v. Turk, 407 A.2d 1308 (Pa. Super. 1979), during the appellant's trial, a witness for the Commonwealth experienced a sudden illness and was removed from the courtroom in the presence of the jury. Id. at 1309. Counsel for the defendant moved for a mistrial and, after a conference, the trial court addressed the entire jury, asking if any members

could no longer render an impartial verdict after the incident. Id. No jurors answered in the affirmative; the trial court denied the motion for a mistrial; and the defendant was convicted. Id. On appeal, this Court concluded that the appellant did not experience prejudice as a result of the incident. Id. at 1310 (stating, "[w]e do not presume that the collapse of the witness in this case could be ignored by the jury no matter how strong an admonition the court might give. However, we conclude that the [trial] court properly handled the situation by inquiring whether any juror felt upset in such a way as to prevent the juror from carrying out his or her duty to render an impartial verdict."); see also Commonwealth v. Hawkins, 292 A.2d 302, 308-09 (Pa. 1972) (determining that a mistrial was not warranted where, midway through defense counsel's closing, the murder victim's brother stood up and shouted, "he murdered him. You are a bum."); Commonwealth v. Gonzalez, 112 A.3d 1232, 1240 (Pa. Super. 2015) (determining that a mistrial was not warranted where a doctor, who was testifying as a Commonwealth witness, attended to a juror after the juror fainted during a doctor's testimony).

In the instant case, the victim experienced a seizure event as she was testifying against Harrold. N.T., 5/8/18, at 88. When the victim experienced the seizure, the trial court dismissed the jury from the courtroom, instructed the jury not to discuss the case with either other jurors or with any outside

parties, and stated that they would be recalled as soon as possible.[3] Id. Approximately 20 minutes later, the trial court held a hearing in open court, without the jury present, where defense counsel moved for a mistrial on the basis of the seizure event. Id. at 88-91. The trial court requested for counsel to provide the court with case law regarding the standard for granting a mistrial in similar circumstances. Id. at 91-93. The trial court then recalled the jury, and dismissed them until the next morning. Before proceeding with the trial, the trial court provided the standard instructions for juror conduct and stating that "[w]ith regard to the events of today, obviously, we had a medical emergency. You are not to consider that at all beyond the fact that it was a medical emergency." Id. at 94. Thereafter, the trial court and counsel met in private, where the parties discussed the relevant case law, and the trial court determined that it would decide its course of action the next morning, depending on the condition of the victim and whether the victim would be able to continue her testimony against Harrold. Id. at 95-106.

The next morning, the trial court determined that it would individually and separately question each juror before proceeding with the testimony, and defense counsel objected on the grounds that a mistrial was warranted. Id.

_____

[3] The trial transcript does not indicate the precise amount of time that elapsed between the victim's seizure and the jury's dismissal from the courtroom. Counsel later stated that the incident involved the victim's father and a Commonwealth employee approaching the victim on the stand, while the jury was still seated, as she experienced the episode. N.T., 5/8/18, at 96, 99-100.

at 107-21. The trial court asked each juror the following question: "[Y]esterday, you witnessed a medical emergency where the witness collapsed on the witness stand. In view of this incident, do you believe that you can render a fair and impartial verdict upon the conclusion of all of the evidence in this case?" Id. at 121-33 (wherein the trial court questioned each individual juror). None of the jurors indicated an inability to render a fair and impartial verdict. At the conclusion of the questioning, the trial court denied Harrold's Motion, recalled the jury, and continued with the victim's testimony. Id. at 133-34. Our review of the record thus confirms that the trial court acted appropriately to remedy any potential prejudice against Harrold which might have resulted from the incident. See Simmons, supra; Turk, supra. We conclude that the trial court appropriately addressed the victim's unexpected seizure, and as a result, Harrold is not entitled to relief on this claim.

In his third claim, Harrold alleges that the evidence was insufficient to support his guilty verdicts. Brief for Appellant at 20.[4] Harrold claims that both the victim and her mother, with whom he was involved in a romantic relationship, were untruthful in their testimony against him. Id. at 20-21.

_____

[4] We note that Harrold presents several additional arguments related to the purported ineffective assistance of his trial counsel. Brief for Appellant at 21-22. Harrold indicates in his brief that he will address these claims further in a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. However, ineffectiveness claims are not to be raised in the first instance on direct appeal, but must await collateral review. Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002). As a result, we will not address Harrold's ineffectiveness claims on direct appeal.

Harrold argues that additional witnesses should have been called to testify in his favor, and that he should have been provided with additional evidence that, he claims, would have helped demonstrate that the victim was not credible. Id. at 21-22.

However, challenges to witness credibility generally implicate the weight, not the sufficiency, of the evidence. See Commonwealth v. Price, 616 A.2d 681, 683 (Pa. Super. 1992) (explaining that, while a sufficiency challenge asks whether the evidence exists on record to support conviction, an argument that the witness's account is not credible goes to the weight of the evidence). Although Harrold characterizes his argument as a challenge to the sufficiency of the evidence presented at trial, he actually presents a challenge to the weight of the evidence. Brief for Appellant at 20-21.

We adhere to the following standard of review regarding claims to the weight of the evidence:

> Before a trial court may award a new trial on the ground that the [verdict is against the weight of the evidence,] it must appear that the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative. When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based upon pure conjecture, these types of claims are not cognizable on appellate review.

Commonwealth v. Hunter, 554 A.2d 550, 555 (Pa. Super. 1989) (citation omitted). An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. Commonwealth v. Widmer,

744 A.2d 745, 751-52 (Pa. 2000) (citation omitted). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." Id. at 753 (citation omitted). "A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner." Id. at 751 (citations omitted).

Here, Harrold did not challenge the weight of the evidence presented at trial at the sentencing hearing on in his post-sentence Motions. See generally Motion to for [sic] a New Trial, 2/12/19, at ¶ 2(e). Because Harrold has failed to properly raise his challenge to the weight of the evidence against him before the trial court at sentencing or in his post-sentence Motion, we deem this argument to be waived. See Pa.R.Crim.P. 607(A) (stating that challenges to the weight of the evidence must be raised with the trial court before sentencing or in a post-sentence motion); Pa.R.A.P. 302(a) (stating that issues not raised before the trial court are waived and cannot be raised for the first time on appeal); Commonwealth v. Sherman, 982 A.2d 483,

495 (Pa. 2009) (holding that the appellant waived his weight of the evidence claim by not raising it before the trial court).[5]

Harrold also asserts the existence of additional evidence that was not presented at trial (i.e., the victim's medical records, additional police records, records from Children and Youth Services, and text messages from the victim's mother), which he claims would have changed the outcome of the trial. However, Harrold does not bring to our attention any evidence of his claims beyond his bald allegation that "th[e] new evidence would support the fact that certain witnesses lied on the stand and that this evidence would support his belief that the alleged victim did not have a seizure disorder." Id. at 21.

A trial court may grant a new trial on the basis of after-discovered evidence only if it is demonstrated that the evidence (1) could not have been obtained prior to the conclusion of the trial with reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of witnesses; and (4) would likely result in a different verdict if a new trial was granted. Commonwealth v. Pagan, 950 A.2d 270, 292 (Pa. 2008). However, it appears that Harrold intends to use the evidence in

_____

[5] We note that, even if Harrold had properly preserved this issue for our review, we would conclude that it lacks merit, for the reasons stated in the Opinion of the trial court. See Trial Court Opinion, 9/20/19, at 4-5. Further, we find no indication in the record that the verdict shocks the conscience of this Court. See Hunter, supra.

question solely to impeach the credibility of the witnesses who testified against him. Consequently, he has failed to satisfy the third prong of the after-discovered evidence test, and his argument is without merit. See Commonwealth v. Griffin, 137 A.3d 605, 610 (Pa. Super. 2016) (stating that "a defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely to impeach a witness's credibility.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2020