2018 PA Super 49

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW ALLEN CORNELIUS, | : | |
| | : | |
| Appellant | : | No. 1011 WDA 2017 |

Appeal from the Judgment of Sentence June 23, 2017
in the Court of Common Pleas of Warren County
Criminal Division, at No(s): CP-62-CR-0000330-2016

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

OPINION BY STRASSBURGER, J.:    FILED MARCH 7, 2018

Andrew Allen Cornelius (Appellant) appeals from the judgment of sentence entered June 23, 2017, after he was convicted of possession of a controlled substance by an inmate and simple possession.  We affirm.

On August 2, 2016, Appellant was arrested for a parole violation at his apartment.  Appellant was wearing shorts with a baggie of methamphetamine sewn into the material.  Appellant was searched incident to arrest but no contraband was found.  Officer Leo Hanlin advised Appellant to turn over any contraband he may have missed in the search.  He informed Appellant that any contraband surrendered at that time would be treated as a parole violation, but if contraband was discovered on Appellant once he arrived at the jail, he would be subject to new charges.  N.T., 5/8/2017, at 34-37, 56.

---

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

Appellant was transported to the county jail. Upon arrival, Officer Hanlin again gave Appellant the opportunity to turn over any contraband before entering the jail; Appellant did not turn over the hidden methamphetamine. Id. at 38. Appellant was surrendered to the custody of the Warren County Jail and he proceeded through the booking process. As part of the intake procedure, Appellant was required to remove his clothing, including his shorts. His clothing was searched without incident and stored. Id. at 39-40, 51-53, 61-62.

Later, Appellant told fellow inmate, Blaine Beatty, that there was methamphetamine sewn inside the shorts he had worn into the jail, and he wanted to access them. On August 15, 2016, Beatty notified a corrections officer; the officer retrieved Appellant's shorts and located the baggie of methamphetamine sewn inside the material of the shorts. Id. at 47, 48, 54-56, 75.

Following a jury trial, Appellant was found guilty as noted above. On June 23, 2017, Appellant was sentenced to an aggregate term of incarceration of 14 to 36 months. Appellant did not file a post-sentence motion.

Appellant timely filed a notice of appeal on June 28, 2017. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents the following questions for our review.

1.  Does the definition of "prisoner" or "inmate" under 18 Pa.[C.S. § 5123(a.2)] include an individual who is being brought to a penal institution for a probation or parole violation? [1]

2.  Was there insufficient evidence to convict [Appellant] of possession of a controlled substance by an inmate in violation of 18 Pa.[C.S. § 5123(a.2)]?

3.  Is 18 Pa.[C.S. § 5123(a.2)] unconstitutionally vague or overbroad for its lack of a definition of a prisoner?

4.  Did the trial court err in not granting a mistrial when the [trial] court read to the jury that the charge of 18 Pa.[C.S. § 5123(a.2)] was a felony of the 2nd degree?

Appellant's Brief at 6 (reordered, unnecessary capitalization and suggested answers omitted).

Because Appellant's arguments for his first two claims are intertwined, we consider them together. We begin with our standards of review.

> When, as here, the appellant raises a question of statutory construction, our standard of review is de novo, and our scope of review is plenary.
>
> In matters involving statutory interpretation, the Statutory Construction Act directs courts to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a). A statute's plain language generally provides the best indication of legislative intent. In construing the language, however, and giving it effect, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.

---

[1] When referencing possession of a controlled substance by an inmate within his brief, Appellant cites to 18 Pa.C.S. § 5123(a)(2). This subsection does not exist. We consider Appellant's claims as a challenge to 18 Pa.C.S § 5123(a.2), the subsection under which he was charged and convicted.

We must construe words and phrases in statutes according to rules of grammar and according to their common and approved usage[.] 1 Pa.C.S. § 1903(a). One way to ascertain the plain meaning and ordinary usage of terms is by reference to a dictionary definition. We must also take into account what the statute does not prescribe. "[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include. Consequently, [a]s a matter of statutory interpretation, although one is admonished to listen attentively to what a statute says; one must also listen attentively to what it does not say." Commonwealth v. Johnson, 611 Pa. 381, 26 A.3d 1078, 1090 (2011) (internal quotations and citations omitted).

Commonwealth v. Ford, 175 A.3d 985, 991-92 (Pa. Super. 2017) (some citations and quotation marks omitted).

Our standard of review in sufficiency of the evidence claims is to determine

whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

Commonwealth v. Gonzalez, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

Appellant posits that "[t]here is no dispute that Appellant was in fact confined in the Warren County Jail, but the issue is at what point does an individual being arrested for a parole violation actually become 'confined.'" Appellant's Brief at 15. He contends that "[w]hile an individual is arguably in custody at the time [he is] placed under arrest, [he does] not actually become an 'inmate' or 'prisoner' until [he is] actually physically confined within the institution." Id. at 15-16.

Appellant similarly concedes that he was in possession of a controlled substance, see id. at 11-12, but curtails this concession when he argues that "[t]he only time Appellant had actual control of the substance would have been while he was still at his home, prior to being searched and handcuffed by officers. Once handcuffed, it became impossible for Appellant to gain access to his shorts and any contraband." Id. at 14. Thus, Appellant argues that he "did not meet the definition of 'inmate' or 'prisoner' at the time that he possessed the methamphetamine[,]" i.e., he was not an inmate or prisoner while he was wearing the shorts in his home. Id. at 12-17.

The trial court offered the following analysis regarding Appellant's argument.

> When prison staff first took custody of [Appellant], he was indisputably in possession of the methamphetamine concealed in his shorts and was thus guilty of [s]imple [p]ossession at that time.[1] At this time, [Appellant] had been committed to the jail and thus the jury could reasonably find that he was an inmate under the definition [provided in 18 Pa.C.S. § 5123(e)].

———

[1] [Appellant]'s subsequent statements to his fellow inmate support the inference that [Appellant] possessed the methamphetamine knowingly.

Trial Court Opinion, 8/29/2017, at 5.

"A prisoner or inmate commits a felony of the second degree if he unlawfully has in his possession or under his control any controlled substance in violation of [35 P.S. § 780-113(a)(16)]." 18 Pa.C.S. § 5123(a.2). This Court has held that the intent of the legislature in subsection 5123(a.2) "is the prevention of inmates obtaining any controlled substance in any amount whatsoever; in other words, the contraband statute seeks absolute abstinence by inmates[.]" Commonwealth v. Gerald, 47 A.3d 858, 862 (Pa. Super. 2012). "Possession can be proven by showing actual possession, i.e., a controlled substance found on the [defendant's] person[.]" Commonwealth v. Macolino, 469 A.2d 132, 134 (Pa. 1983). An inmate is defined in the statute as an "offender who is committed to, under sentence to or confined in a penal or correctional institution." 18 Pa.C.S. § 5123(e). Prisoner is not defined within the statute.

We conclude that the language of the statute is clear and unambiguous when applied to the facts of this case. Under subsection 5123(e), there are three ways an individual offender may become an inmate under the statute: (1) when he is committed to a penal or correctional institution; (2) when he is under sentence to a penal or correctional institution; or (3) when he is

confined in a penal or correctional institution. 18 Pa.C.S. § 5123(e). It is undisputed that Appellant was arrested for a parole violation, transported, and surrendered to the custody of the staff at the Warren County Jail. Once his intake processing began, Appellant was committed to the custody of the Warren County Jail. Accordingly, that is when he first became an inmate of the jail as defined under subsection 5123(e). At that time, Appellant was still wearing his methamphetamine-lined shorts, and thus had a controlled substance on his person. Given the evidence presented, the jury could reasonably conclude that Appellant was in actual possession of a controlled substance while an inmate during intake. Accordingly, we hold the evidence was sufficient to sustain Appellant's conviction for possession of a controlled substance by an inmate.

Because we affirm on the basis that Appellant fit the statutory definition of inmate during intake, we need not consider whether he was also a prisoner under subsection 5123(a.2). Accordingly, any review of Appellant's third claim, that the statute is unconstitutionally vague due to its lack of a definition of prisoner, is moot, and we will not address it. See Commonwealth v. T.J.W., 114 A.3d 1098, 1102 (Pa. Super. 2015) ("This Court does not render advisory opinions.").

Appellant alleges in his final claim that the trial court erred in not granting a mistrial. We note the following standard which governs our review of such claims:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, … assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.
>
> The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal.

Commonwealth v. Judy, 978 A.2d 1015, 1019 (Pa. Super. 2009) (internal quotation marks and citation omitted).

Appellant argues that the trial court erred in not granting a mistrial after it informed the jury of the grading of one of Appellant's charges. Appellant's Brief at 6 (unnecessary capitalization omitted). Appellant contends that the trial court's failure to grant a mistrial "prejudiced [Appellant] and deprived [him] of a fair trial[.]" Id. at 22.

During the trial court's opening instructions to the jury, the court stated that Appellant was charged with "possession of a controlled substance,

- 8 -

contraband inmate[,] … a felony of the second degree[.]" N.T., 5/8/2017, at 9. Appellant concedes that he did not object or move for a mistrial at the time of the statement. After the Commonwealth brought it to the court's attention following the close of evidence, Appellant moved for a mistrial. N.T., 5/8/2017, at 87-89. Appellant conceded that he was unsure what the law was regarding mistrials for this sort of disclosure,[2] and the trial court denied the motion. Id. at 89-90.

Based on the foregoing, we conclude that Appellant's motion was not timely made. "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed." Pa.R.Crim.P. 605(B) (emphasis added). Because

---

[2] Appellant's counsel provided the following argument in support of a mistrial.

> I don't recall hearing it, your Honor. I don't know what the record reflects. Even if that was the case. And, it's been awhile since I looked at the case law. I don't state, I don't think stating the grading is the issue as long as a punishment or what the possible range of sentence.

> * * *

> Your Honor, I would make a motion for mistrial at this point, based on the fact that I had to look at the case law, whether that rises to the level of the jury knowing the possible sentence or punishment in this case, that to cause prejudice on my client I would make that argument here. But, I am not familiar with the case law on that.

Id. at 88-89.

Appellant failed to object when the disclosure occurred, Appellant's claim regarding the trial court's denial of his motion for a mistrial is waived. See Commonwealth v. McAndrews, 430 A.2d 1165, 1167 (Pa. 1981) ("Appellant failed to make a timely request for a mistrial, and this claim, accordingly, has been waived."). Even if timely made, the trial court did not err in denying the motion because Appellant failed to establish prejudice. See Trial Court Opinion, 8/29/2017, at 7-8.

Appellant alternatively argues that the trial court should have granted a mistrial sua sponte.

> [W]hile defense counsel did not move for mistrial at the instant moment that the trial court informed the jury that Appellant was charged with a second degree felony, the court still has the discretion to declare a mistrial if the court feels that [its] mistake has caused prejudice to the defendant. Here, while reading the grading does not clearly spell out the possible punishment that the defendant is facing, it still gives the jury an opportunity to look up the possible sentencing ranges based on that grading. If a member of the jury were to have known before the presentment of evidence that a second degree felony carries a specific sentencing range, that could have the same effect as if the court had actually expressly read the sentencing range. Because being informed of the grading of a charge can effectively be the same as informed [sic] the jury of the possible penalties and sentencing range of the charges, Appellant was prejudiced and deprived of a fair trial to the point that manifest necessity required the trial court to declare a mistrial, even if the trial court finds that Appellant waived his right to move for a mistrial by not presenting a motion for mistrial at the time of the disclosure.

Appellant's Brief at 22.

"It is within a trial judge's discretion to declare a mistrial sua sponte upon the showing of manifest necessity, and absent an abuse of that

discretion, we will not disturb his or her decision." Commonwealth v. Kelly, 797 A.2d 925, 936 (Pa. Super. 2002). "[A] mistrial should be declared sua sponte only in very extraordinary and striking circumstances." Id. at 939 (citations and quotation marks omitted). Appellant has failed to develop any meaningful argument regarding the alleged manifest necessity present. Conjecture about the possibility for jurors to conduct independent legal research into what penalties attach to a specific grading does not amount to manifest necessity. Thus the trial court did not err in not declaring a mistrial.

Accordingly, Appellant is not entitled to relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/7/2018