J-S28012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FELIPE PETE RODRIGUEZ, III :
:
Appellant : No. 1751 MDA 2017

Appeal from the Judgment of Sentence November 23, 2016
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001767-2015

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                         **FILED JUNE 29, 2018**

Appellant, Felipe Pete Rodriguez III, appeals from the judgment of
sentence entered on November 23, 2016, following his jury trial convictions
for possessing a controlled substance and possessing prohibited contraband
while confined.[1]  We affirm.

The facts of the case, as summarized by the trial court, are as follows:

> On September 30, 2014, Corporal Daniel Waltz and Captain
> Michael Ott conducted a search of Room Number 16 at the
> Lebanon County Correctional Facility ("LCCF").  This room housed
> approximately fourteen inmates participating in work-release
> programs.  During the search, four rolled cigarettes, suspected to
> contain synthetic marijuana; a lighter; and an egg-shaped
> cylinder filled with suspected tobacco were found in [Appellant's]
> locked drawer.  The drawer could only be accessed by [Appellant]
> and prison staff, because it was secured by a combination lock.
> Records show that [Appellant] purchased the combination lock at
> the LCCF commissary.

_____

[1]  35 P.S. § 780-113(a)(16) and 18 Pa.C.S.A. § 5123(a.2), respectively.

Forensic Scientist Dana R. Jackson at the Pennsylvania State Police Harrisburg Regional Laboratory analyzed the contraband The laboratory analysis concluded that the cigarettes filled with green vegetable material, weighed a total of 0.97 grams. In particular, one cigarette with the vegetable material weighed .20 grams, and contained XR11, which is a Schedule I controlled substance and TJF-2201, a structural analog of the naphthoylindole class, also a Schedule I controlled substance. No controlled substances were detected in the egg-shaped vessel containing brown vegetable material.

As a result of the laboratory findings, the Lebanon County District Attorney filed [a bill of] [c]riminal [i]nformation, which charged [Appellant] with the crimes of Contraband and Violation of the Controlled Substance, Drug, Device, and Cosmetic Act.

Trial Court Opinion, 3/23/17, at 2-3.

On September 14, 2016, a jury found Appellant guilty of the aforementioned charges. On November 23, 2016, the trial court sentenced Appellant to 20 to 40 months of incarceration. Appellant filed a post-sentence motion on November 29, 2016. Following granted extensions and the filing of briefs in support of post-sentence motions, the trial court denied relief by opinion and order entered on March 23, 2017. This timely appeal followed.[2]

On appeal, Appellant presents the following issues for our review:

---

[2] Appellant filed a notice of appeal on March 28, 2017. On March 30, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Appellant complied timely on March 31, 2017. On April 19, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), relying upon its earlier opinion entered on March 23, 2017.

[1.]    Whether [Appellant's] motion for acquittal should [have] be[en] granted due to the Commonwealth's failure to present sufficient evidence at trial?

[2.]    Whether the jury's verdict was against the weight of the evidence?

Appellant's Brief at 4.

Appellant alleges first that the evidence is not sufficient to sustain both of his convictions. Specifically, Appellant alleges:

> […T]he Commonwealth's witness presented conflicting stories and the conflicting stories created reasonable doubt about the elements of the contraband specifically the possession. [Appellant] denied he used the lockbox where the contraband was found, he wasn't present when the items were found, he plead[ed] not guilty at the disciplinary board hearing, the item was never fingerprinted and he denied the possession [to prison authorities]. Additionally, there was no testimony that the lock he purchased at the commissary was specifically the lock found by the officers on his "assigned" drawer. Instead, the testimony established that a common key opened all the locks. Which further supports [Appellant's] position that the Commonwealth failed to establish its burden.

Appellant's Brief at 10-11 (record citations omitted).

When determining the sufficiency of the evidence, "[t]he applicable standard of review is whether, viewing all the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences favorable to the Commonwealth, a jury could find every element of the crime beyond a reasonable doubt." *Commonwealth v. Brown*, 648 A.2d 1177, 1180 (Pa. 1994) *citing* *Commonwealth v. Kichline*, 361 A.2d 282, 285-286 (Pa. 1976); *see also Commonwealth v. Diggs*, 949

A.2d 873, 877 (Pa. 2008).   In applying this standard, the reviewing court

must bear in mind that:

> the    Commonwealth    may sustain its burden by    means    of
> wholly circumstantial evidence; the entire trial record should be
> evaluated and all evidence received considered, whether or not
> the trial court's ruling thereon were correct; and the trier of fact,
> while passing upon the credibility of witnesses and the weight of
> the proof, is free to believe all, part, or none of the evidence.

*Commonwealth v. Hutchinson*, 947 A.2d 800, 807 (Pa. Super. 2008)

(citation omitted).

Possessing a controlled substance is defined as "[k]nowingly or

intentionally possessing a controlled or counterfeit substance by a person not

registered under [the Controlled Substances Act.]" 35 P.S. § 780-113(a)(16).

Possessing prohibited contraband while confined is defined as follows:  "[a]

prisoner or inmate commits a felony of the second degree if he unlawfully has

in his possession or under his control any controlled substance in violation of

[35 P.S. § 780–113(a)(16) ]." 18 Pa.C.S. § 5123(a.2). "This Court has held

that the intent of the legislature in subsection 5123(a.2) is the prevention of

inmates  obtaining  any controlled substance in  any  amount  whatsoever;  in

other words, the contraband statute seeks absolute abstinence by inmates."

*Commonwealth v. Cornelius*, 180 A.3d 1256, 1260 (Pa. Super. 2018)

(internal citation omitted).

We have stated:

> [T]he   Commonwealth   is   not   required   to   show   actual
> physical possession of   the   drugs.   Constructive possession is
> sufficient,  which  is  an  inference  arising  from  a  set  of  facts

- 4 -

that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Katona***, 2018 WL 2986892, at *3 (Pa. Super. 2018) (internal citations and quotations omitted).

In this case, Appellant does not present the conflicting testimony in the light most favorable to the Commonwealth as we are required to do. When applying the proper standard of review, there was more than sufficient evidence for a jury to find that Appellant was in constructive possession of contraband. Corporal Daniel Waltz testified that the contraband was found alongside legal paperwork bearing Appellant's name in a lock-box underneath Appellant's bed. Trial Court Opinion, 3/23/17, at 9. Ms. Charlene Simaska testified that Appellant purchased a combination lock which was the same kind found on Appellant's lock-box. ***Id.*** at 9-10. Captain Michael Ott testified that Appellant had the opportunity to present his case to the prison Disciplinary Board, which found him guilty. ***Id.*** at 10-11. Viewed in a light most favorable to the Commonwealth, it is reasonable for the trier of fact to infer that the contraband was Appellant's. The evidence presented was sufficient to prove the elements of both offenses beyond a reasonable doubt.

In his second issue presented, Appellant argues that he is entitled to a new trial because the verdict was against the weight of the evidence. Specifically, Appellant asserts that, "the jury should have afforded his

statements to [prison officials] more weight and credibility." Appellant's Brief

at 9.

We adhere to the following standard:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, [our Supreme Court has] explained:

> The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–1055 (Pa. 2013) (internal citations and quotations omitted).

In this case, the trial court reasoned that there was ample evidence for the jury to find Appellant guilty. Trial Court Opinion, 3/23/17, at 13. Considering the entire record and evidence presented at trial, we find no abuse of discretion. The aforementioned evidence presented at trial gave the jury a basis to find Appellant guilty beyond a reasonable doubt and this Court will not substitute its own judgment for that decision. Moreover, the verdict does not shock one's sense of justice. As such, we discern no abuse of discretion in ruling on Appellant's weight of the evidence claim. For all of the foregoing reasons, Appellant is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2018