J-S04044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                     :        PENNSYLVANIA
                                       :
            v.                                :
                                       :
                                       :
JASON BUCHANAN                    :
                                       :
          Appellant                 :       No. 858 MDA 2020

Appeal from the Judgment of Sentence Entered February 6, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000751-2018

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED MARCH 12, 2021**

Jason Buchanan ("Buchanan") appeals from the judgment of sentence imposed following his convictions of rape of a child, statutory sexual assault, sexual assault, aggravated indecent assault of a child, aggravated indecent assault – complainant less than 16 years of age, indecent assault – person less than 13 years of age, indecent assault – person less than 16 years of age, unlawful contact with minor, and corruption of minors.[1]  We affirm.

Buchanan was charged with the above-mentioned offenses, after his minor step-daughter ("the victim") accused Buchanan of repeatedly sexually abusing her when she was between the ages of 8 and 15.  Throughout the

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3122.1(b), 3124.1, 3125(b), (a)(8), 3126(a)(7), (a)(8), 6318(a)(1), 6301(a)(1)(ii).

years of sexual abuse, the victim lived with her three half-siblings, her mother ("Ms. Buchanan"), and Buchanan.

When the victim was approximately 15 years old, she reconnected with her biological father, Daniel Myers ("Myers"). The victim told Myers about the sexual abuse, and Myers assisted the victim in securing an emergency Protection From Abuse Order. From that point on, the victim resided with Myers and his wife. Myers and the victim contacted the police, who initiated an investigation with Children and Youth Services.

On March 16, 2018, the Commonwealth charged Buchanan with the above-mentioned offenses. Following a jury trial, Buchanan was found guilty of all offenses. The trial court deferred sentencing for the purpose of preparing a pre-sentence investigation report ("PSI").

On February 6, 2020, the trial court sentenced Buchanan to 120 to 240 months in prison for his conviction of rape of a child, a consecutive term of 24 to 48 months in prison for his conviction of statutory sexual assault, a consecutive term of 54 to 108 months in prison for his conviction of sexual assault, a consecutive term of 66 to 132 months in prison for his conviction of aggravated indecent assault of a child, a consecutive term of 60 to 120 months in prison for his conviction of aggravated indecent assault – complainant less than 16 years of age, and a consecutive term of 12 to 24 months for his conviction of indecent assault – person less than 13 years of age. Additionally, Buchanan was sentenced to a concurrent period of 3 to 6 months in prison for

his conviction of indecent assault – person less than 16 years of age, a concurrent term of 9 to 18 months in prison for his conviction of unlawful contact with a minor, and a concurrent term of 9 to 18 months in prison for his conviction of corruption of minors. Thus, the trial court sentenced Buchanan to an aggregate period of 336 to 672 months in prison. Further, the trial court informed Buchanan that he would be subject to lifetime registration pursuant to Subchapters H and I of the Sexual Offenders Registration and Notification Act ("SORNA").[2]

On February 14, 2020, Buchanan filed a Post Sentence Motion, in which he requested, *inter alia*, reconsideration of his sentence, and claimed that the Commonwealth presented insufficient evidence to establish Buchanan's age. On March 30, 2020, Buchanan filed an Amended Post Sentence Motion, in which he requested the same relief, and included a request to vacate his SORNA registration requirements due to a violation of the *ex post facto* clause of the United States and Pennsylvania Constitutions.

On June 8, 2020, the trial court granted reconsideration of the sentence imposed for Buchanan's conviction of aggravated indecent assault – complainant less than 16 years of age, and Buchanan's SORNA registration requirements. At Buchanan's conviction of aggravated indecent assault – complainant less than 16 years of age, the trial court vacated the sentence of

---

[2] *See* 42 Pa.C.S.A. §§ 9799.10-9799.41, 9799.51-75.

60 to 120 months in prison, and imposed a standard-range sentence of 36 to 72 months in prison. Consequently, the trial court sentenced Buchanan to a new aggregate sentence of 312 to 624 months in prison. Additionally, the trial court vacated Buchanan's SORNA registration requirements under Subchapter H, and imposed SORNA registration requirements under Subchapter I. The trial court denied further relief on Buchanan's Post Sentence Motions.

Buchanan filed a timely Notice of Appeal[3] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Buchanan now presents the following claims for our review:

1. Whether the [t]rial [c]ourt abused its discretion by sentencing [] Buchanan to the upper limit of the standard range for most charges and running said sentences consecutively[,] thereby creating an excessive and unreasonable sentence?

2. Whether the evidence was insufficient to find [] Buchanan guilty of [statutory sexual assault, aggravated indecent assault – complainant less than 16 years of age, and indecent assault –

---

[3] Buchanan purports to appeal from both the February 6, 2020, judgment of sentence, and the June 8, 2020, denial of his Post Sentence Motions. However, in criminal matters, an appeal properly lies from the imposition of the judgment of sentence. **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).

person less than 16 years of age,[4]] since no evidence of []
Buchanan's date of birth or age [was] presented at trial and []
Buchanan's age was a necessary element [of the offenses]?

3. Whether the [t]rial [c]ourt erred by denying defense counsel's
[M]otion for a mistrial after the Commonwealth engaged in an
improper line of questioning regarding privileged trial preparation?

Brief for Appellant at 6.

In his first claim, Buchanan contends that the trial court abused its

discretion by imposing Buchanan's most severe sentences consecutively,

resulting in an aggregate term of 312 to 624 months in prison. *Id.* at 29.

Buchanan asserts that the trial court's decision to impose his sentences

consecutively was manifestly unreasonable because the aggregate sentence,

"in practical effect, [is] a life sentence." *Id.* Buchanan acknowledges that he

received sentences within the standard range of the Sentencing Guidelines,

but claims that all of his sentences were in the top end of the standard ranges.

*Id.* at 29-30.

Buchanan challenges the discretionary aspects of his sentence, from

which there is no absolute right to appeal. *See Commonwealth v.*

*Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010) (stating that a claim that

---

[4] We note that throughout his appellate brief, Buchanan purports to challenge
the sufficiency of "Count 8" (pertaining to unlawful contact with minor – 18
Pa.C.S.A. § 6318(a)(1)), but cites to "indecent assault – person less than 16
years of age – 18 Pa.C.S.A. § 3126(a)(8). Brief for Appellant at 6, 31-37.
According to the Amended Criminal Information, Buchanan was charged with
indecent assault – person less than 16 years of age at Count 7. Accordingly,
we address whether the Commonwealth presented sufficient evidence in
regards to Buchanan's age for Count 7.

an aggregate sentence involving the imposition of consecutive sentences is excessive challenges the discretionary aspects of sentencing). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Buchanan filed a timely Notice of Appeal, and properly included a Rule 2119(f) Statement in his brief. Additionally, Buchanan preserved his claim in his post-sentence Motions.

The determination of what constitutes a substantial question is evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his 2119(f) Statement, Buchanan argues that the trial court abused its discretion imposing consecutive, standard-range sentences. *See* Brief for Appellant at 24-26. Buchanan asserts that his aggregate sentence of 312 to 624 months in prison is excessive, unreasonable, and disproportionate to the crimes. *Id.* at 24-25. Additionally, Buchanan claims that his aggregate sentence affords him no opportunity for rehabilitation. *Id.* at 25-26.

We conclude that Buchanan has raised a substantial question for our review. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (stating that a challenge to the imposition of consecutive standard-range sentences, can raise a substantial question where appellant asserts the aggregate sentence is disproportionate to the crimes).[5] Thus, we will consider the merits of Buchanan's claim.

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

---

[5] We note that while Buchanan lists in his Rule 2119(f) Statement several factors that could be considered to be mitigating factors—his age, prior record score, and lack of any prior convictions—he does not contend that the trial court failed to adequately consider these mitigating factors in constructing his sentence.

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted); *see also* 42 Pa.C.S.A. § 9721(b). Moreover, "[w]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. Furthermore, "the trial judge may determine whether, given the particular facts of a particular case, a sentence should run consecutive to[,] or concurrent with[,] another sentence being imposed." *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009); *see also* 42 Pa.C.S.A. § 9721(a).

Here, the record reflects that the trial court considered the particular circumstances of the offense, Buchanan's prior criminal record, age, the Sentencing Guidelines, and the seriousness of his crimes. N.T. (Sentencing Hearing), 2/6/20, 5-9. In choosing to impose consecutive sentences, the trial court pointed to Buchanan's sexual abuse of the victim, and the manipulation

that caused Ms. Buchanan to turn against her child. *Id.* at 7. Moreover, the trial court stated that it expressly considered Buchanan's PSI. *Id.* at 2-3, 6-8 (wherein the trial court considered the PSI, discussed the PSI with the parties, and corrections were made to the PSI). Further, the trial court sentenced Buchanan within the standard range at each count. *See Moury*, 992 A.2d at 171 (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentences as appropriate under the Sentencing Code."). Moreover, because the trial court had the benefit of a PSI, we presume that the court was "aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Thus, we conclude that the trial court did not impose an improperly excessive sentence, and we grant him no relief on this claim.

In his second claim, Buchanan argues that the Commonwealth presented insufficient evidence to prove that Buchanan was 18 years of age or older, a required element of statutory sexual assault, aggravated indecent assault – complainant less than 16, and indecent assault – person less than 16 years. Brief for Appellant at 31-33. Buchanan contends that the Commonwealth did not present any direct evidence of his age, but instead presented only circumstantial evidence of his age. *Id.* at 36-37. Buchanan asserts that he was not the victim's biological father, and that the jury could not determine his age based upon the victim's age. *Id.* at 33-34. Buchanan

claims that it would have been reasonable for the jury to believe he was 15 years old at the time the victim alleged the abuse to occur, and thus the jury could not have found beyond a reasonable doubt that he was 18 years of age or older. *Id.* at 34-36.

Buchanan challenges the sufficiency of the evidence, for which we adhere to the following standard of review:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. … When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011) (citations omitted). Additionally, "[t]he fact finder is free to believe all, part, or none of the evidence presented at trial." *Id.*

The Crimes Code, in relevant part, provides as follows:

**§ 3122.1. Statutory sexual assault**

* * *

**(b) Felony of the first degree.--**A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and

that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1(b).

### § 3125. Aggravated indecent assault

**(a) Offenses defined.--**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

* * *

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3125(a)(8).

### § 3126. Indecent assault

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

* * *

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(8).

In its Opinion, the trial court addressed Buchanan's challenges to the sufficiency of the evidence as follows:

A defendant's age need not be prove[n] solely by direct testimony since the jury's opportunity to observe the defendant can provide evidence of his age. **Commonwealth v. Miller**, 657 A.2d 946, 947 (Pa. Super. 1995). The personal appearance of a defendant need not be offered into evidence as an exhibit for the jury to consider such evidence. **Id.**

Aggravated indecent assault charged pursuant to Section 3125(a)(8) and indecent assault charged pursuant to Section 3126(a)(8) both require that [Buchanan] be four or more years older than the victim. Statutory sexual assault charged pursuant to Section 3122.1(b) requires that [Buchanan] be eleven or more years older than the victim.

Although [Buchanan]'s age was not established by direct evidence, the jury had an opportunity to observe [Buchanan]'s physical appearance for four days during jury selection and trial. [Buchanan] testified at trial that he had married the victim's mother in 2013. There was also testimony from [Buchanan's biological daughter.] She would have been four years old [at the time Buchanan] began sexually assaulting the victim. The victim testified that she was eight years of age when the abuse began. Considering the fact that [Buchanan] had a four[-]year[-]old daughter at the time the sexual abuse began, it was certainly reasonable for the jury to conclude that he was at least eleven years older than the victim. [Buchanan]'s age was sufficiently established at trial.

Trial Court Opinion, 8/17/20, 3-5 (some citations omitted).

We agree with and adopt the trial court's well-reasoned Opinion in regards to Buchanan's second claim. **See id.**; **see also Miller**, 657 A.2d at 947-48 (concluding that there was sufficient evidence of the defendant's age where the defendant had two daughters from a previous marriage and the

jury had the opportunity to observe the defendant throughout trial). Accordingly, Buchanan is not entitled to relief on this claim.

In his third claim, Buchanan argues that the trial court erred by denying his request for a mistrial based upon the Commonwealth's "improper questioning" regarding a witness's trial preparation. Brief for Appellant at 37-39. Buchanan claims that he was prejudiced, because the Commonwealth's questioning "had the unavoidable effect of insinuating to the jury that the defense was trying to hide information [] and/or mislead them." *Id.* at 39-40. Buchanan acknowledges that the trial court issued a curative jury instruction, but contends that the prejudicial impact "could not have been remedied" because the jury already had the impression that the defense manufactured evidence and misled the jury. *Id.* at 40-41.

Our standard of review over a trial court's denial of a motion for a mistrial is limited to a determination of whether the trial court abused its discretion. *Commonwealth v. Savage*, 602 A.2d 309, 312 (Pa. 1992). "The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal." *Commonwealth v. Cornelius*, 180 A.3d 1256, 1261 (Pa. Super. 2018) (citation omitted). It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. *Commonwealth v. Lease*, 703 A.2d 506, 508 (Pa. Super. 1997).

At trial, Buchanan called Ms. Buchanan to testify. N.T. (Jury Trial), 10/30/19 - 11/1/19, at 239. On re-cross examination, the Commonwealth questioned Ms. Buchanan as to whether she had prepared text messages as evidence for the trial. *Id.* at 279-82. Additionally, the Commonwealth asked whether defense counsel or Ms. Buchanan had selected which text messages to present at trial. *Id.* As a result of this line of questioning, the trial court, *sua sponte*, held a discussion with both counsel at sidebar, during which Buchanan objected to the questioning and moved for a mistrial. *Id.* at 282-83. The trial court denied Buchanan's request for a mistrial, but sustained his objection and struck the testimony from the record. *Id.* Further, the trial court promptly issued a cautionary instruction to the jury. *See id.* at 283 (wherein the trial court instructed the jury that "[t]he line of questioning by [the Commonwealth] regarding this witness's preparation for trial regarding the text messages is all stricken from the record. You're not to consider that evidence at all when deciding this case.").

Buchanan did not object to the trial court's cautionary instruction at the time of trial, nor did he renew his motion for a mistrial at any time after the trial court issued the cautionary instruction, and accordingly, this claim is waived. *See* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *see also Commonwealth v. Montalvo*, 956 A.2d 926, 936 (Pa. 2008) (stating that

- 14 -

"in order to preserve a claim on appeal, a party must lodge a timely objection at trial.")

Even if Buchanan had not waived this claim, we would conclude that the trial court did not abuse its discretion by denying Buchanan's Motion for a mistrial. The trial court promptly issued a cautionary jury instruction and struck the testimony from the record. *See Commonwealth v. Baez*, 720 A.2d 711, 735 (Pa. 1998) (stating that we presume that the jury follows a trial court's instruction); *see also Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa. 2013) (stating that "[a] mistrial is not necessary where cautionary instructions are adequate to overcome prejudice"); *see also Commonwealth v. Simpson*, 754 A.2d 1264, 1272 (Pa. 2000) (stating that "[t]he trial court is in the best position to assess the effect of [alleged] prejudice[.]"). Accordingly, this claim fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/12/2021

- 15 -