J-A03041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES WARD | : | |
| | : | |
| Appellant | : | No. 1460 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 27, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014093-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES WARD | : | |
| | : | |
| Appellant | : | No. 1461 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 27, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003130-2019

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: March 12, 2024**

Charles Ward (Appellant) appeals from the judgments of sentence imposed following his jury conviction of rape of a child, sexual assault, indecent assault – complainant less than 13 years of age, unlawful contact with a minor – sexual offenses, corruption of minors (COM), and endangering the welfare of children (EWOC) at trial court docket 3130-2019; and his

conviction of indecent assault – complainant less than 13 years of age, unlawful contact with a minor – sexual offenses, COM, and EWOC at trial court docket 14093-2019.[1]  We affirm.

Regarding 3130-2019 (complainant P.L.), the trial court aptly summarized the factual history:

> P.L. became friends with Appellant's daughter, J.W., when they attended kindergarten at the same school.  They maintained this friendship until they were ten years old.  At trial[,] P.L. recounted that when she was 10 years old[,] she slept over at Appellant's home.  During this night, Appellant entered the bedroom and P.L. pretended to be asleep as he approached her bed.  Appellant turned P.L., who had been laying on her stomach, onto her back.  [Appellant] then pulled up [P.L.'s] shirt, touched her breasts[,] and then pulled down her pants and vaginally raped her.  P.L. preserved the underwear she had worn that night by storing it in a toy box at her home, where it remained until it was turned over to police in 2018.  The police became involved and interviewed P.L. when she was thirteen[,] but at the time she only reported that Appellant had touched her breasts and buttock.  However, a year later, after talking with her [m]other, she disclosed the rape and was again interviewed by the police.  The underwear was submitted for forensic testing[,] and a mixed sample of DNA material was discovered.  Unsurprisingly, P.L. was found to be one of the contributors[;] however, the Allegheny County Medical Examiner's Office was unable to identify the other contributor due in part to the sample size and the way in which the sample was stored.

Trial Court Opinion, 4/18/23, at 4-5 (citations to record and footnote omitted).

Concerning 14093-2019 (complainant A.S.), the trial court summarized the following facts:

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3124.1, 3126(a)(7), 6318(a)(1), 6301(a)(1)(ii), 4304(a)(1).

A.S. was eleven when she began a friendship with J.W. and started spending time at Appellant's house after school and on weekends. During these visits, Appellant made remarks about A.S.'s body, telling her she was sexy and asking her to remove her clothes. [A.S.] explained that this happened frequently[,] and on multiple occasions[,] A.S. complied with his requests and removed her clothing. Appellant would then rub [A.S.'s] bare breasts and buttock[,] and he also touched [A.S.'s] vagina over her underwear. A.S. testified that she also slept over at Appellant's home[,] and as J.W. would want to sleep in Appellant's bed, the three of them would be in the same bed. Appellant would position himself in between them[,] and he often did not wear any clothes. On one particular occasion, A.S. described that she was lying in the bed on her side when Appellant, who was naked, pulled A.S. up against him.

*Id.* at 5 (citations to record omitted).

P.L. and A.S. disclosed the events to one another when they were 12 years old. *Id.* Both girls eventually informed their parents of the assaults. *Id.*

The Commonwealth charged Appellant, via criminal informations, at separate docket numbers. The trial court consolidated the cases for trial.[2] Pertinently, P.L. and A.S. both testified at trial. Following a jury trial, Appellant was convicted of the aforementioned crimes. The trial court deferred sentencing and ordered the preparation of a presentence investigation report (PSI).

Sentencing occurred on July 27, 2022. Appellant had retained new counsel, who entered his appearance at the start of the hearing. At 3130-

---

[2] A third case, trial court docket number 3255-2020, was severed following litigation of Appellant's omnibus pre-trial motion.

2019, the trial court imposed an aggregate sentence of 12½ to 25 years in prison, followed by 5 years of probation. The court also notified Appellant of his lifetime sexual offender registration and reporting requirements as a Tier III offender under SORNA.[3] At 14093-2019, the trial court imposed a consecutive aggregate prison term of 3 to 6 years, followed by 3 years of probation.

On August 8, 2022, Appellant filed a timely post-sentence motion challenging the weight of the evidence. Appellant also sought leave to amend his post-sentence motion after new counsel had time to review the trial transcripts, as well as the trial court's 30-day extension under Pa.R.Crim.P. 720(B)(3)(a) (permitting one 30-day extension of the general 120-day disposition period). The trial court granted Appellant's request to file a supplemental post-sentence motion within 30 days.

During a status hearing on October 6, 2022, the trial court stated it had not received a supplemental post-sentence motion. *See* N.T., 10/6/22, at 5. Appellant's counsel requested an extension of time to file a supplemental motion. *See id.* The court granted counsel an additional 30 days to file the motion, but reiterated that it could not extend the dispositional time period more than once. *See id.* at 6; *see also* Pa.R.Crim.P. 720(B)(3)(a). Appellant

---

[3] Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41.

never filed a supplemental post-sentence motion. The trial court denied Appellant's post-sentence motion on November 14, 2022.

Appellant's counsel subsequently filed a motion to withdraw from representation, averring that Appellant had terminated his representation and wished to be appointed a public defender. The trial court granted the motion and appointed Appellant counsel. Appellant filed a timely notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for review:

1. Did the trial court abuse its discretion when it failed, upon hearing the testimony of the first two prosecution witnesses (both children) describing unrelated sexual assaults allegedly committed against them by Appellant, to order a mistrial *sua sponte*?

2. Was the aggregate sentence imposed upon Appellant [] (15½-to-31 years of imprisonment, followed by eight years of probation) manifestly excessive given the totality of the circumstances of this case, requiring vacati[ng] of that sentence and a remand for resentencing pursuant to 42 Pa.C.S. § 9781(c)(2)?

Appellant's Brief at 3.

In his first claim, Appellant asserts the trial court erred by failing to order a mistrial *sua sponte*. ***Id.*** at 11. Appellant claims he suffered undue prejudice from the Commonwealth's back-to-back presentation of both minor complainants as the first trial witnesses. ***Id.*** at 11-12. Appellant acknowledges that he did not request a mistrial after the complainants' testimony, but nevertheless argues the court should have declared a mistrial *sua sponte* based on manifest necessity. ***Id.*** at 12-14. According to Appellant,

[g]iven the unrelated nature of the assaults, the fact that they were sexual assaults, and the fact that the complainants were both young children (both when the assaults were said to have occurred and when they testified), there was in this case an extraordinary risk that a jury exposed to such testimony would vote to convict based upon emotion rather than reason.

*Id.* at 17. Appellant claims "a mistrial was needed, with separate trials ordered as the remedy for this prejudice." *Id.*[4]

"It is within a trial judge's discretion to declare a mistrial *sua sponte* upon the showing of manifest necessity, and absent an abuse of that discretion, we will not disturb [the trial judge's] decision." ***Commonwealth v. Cornelius***, 180 A.3d 1256, 1262 (Pa. Super. 2018) (citation omitted).

Rule of Criminal Procedure 605 permits a trial judge to "declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P. 605(B). This Court has explained, "there can be no rigid rule for finding manifest necessity since each case is individual." ***Commonwealth v. Walker***, 954 A.2d 1249, 1255 (Pa. Super. 2008) (*en banc*). "[A] mistrial should be declared *sua sponte* only in very extraordinary and striking circumstances." ***Commonwealth v.***

---

[4] To the extent Appellant suggests prejudice resulted from the Commonwealth "bringing such charges together," Appellant's Brief at 19, our review discloses Appellant only sought severance of his case at 3255-2020. ***See*** Omnibus Pre-Trial Motion, 9/18/20, at 4 (unnumbered) (requesting severance of the charges at 3255-2020 from the charges at 14903-2019 and 3130-2019). Appellant did not specifically request severance of 3130-2019 and 14093-2019 before trial. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellant cannot circumvent our issue preservation requirements by disguising a severance claim as a challenge to the trial court's failure to enter a *sua sponte* mistrial.

***Kelly***, 797 A.2d 925, 939 (Pa. Super. 2002) (citation and quotation marks omitted).

The trial court determined, and we agree, "[t]here is nothing apparent from the record … that demonstrates such circumstances existed as to require the [c]ourt to order a mistrial." Trial Court Opinion, 4/18/23, at 8. Appellant complains he was prejudiced by the testimony of the two minor complainants during the joint trial. Appellant correctly points out that society views sexual assaults perpetrated against children with disdain. ***See*** Appellant's Brief at 19. However, Appellant knew the cases were joined for trial, was aware of the allegations against him, and ostensibly understood the likelihood that the complainants would testify against him. Under these circumstances, the mere fact that the complainants testified in turn at the start of trial did not constitute a manifest necessity justifying a *sua sponte* mistrial declaration. ***See Commonwealth v. Duly***, 262 A.3d 609, 626 (Pa. Super. 2021) (recognizing that "all relevant Commonwealth evidence is meant to prejudice a defendant…."). Because we conclude the trial court did not abuse its discretion, Appellant's first claim merits no relief.

In his second claim, Appellant argues the trial court imposed a manifestly excessive and unreasonable sentence. ***See*** Appellant's Brief at 26-38. Appellant challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010). Instead, an appellant challenging the

discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Appellant filed a timely notice of appeal. However, our review of the record reveals that Appellant did not raise this claim during the sentencing hearing, nor did he preserve it in his post-sentence motion. *See* Pa.R.Crim.P. 720(B)(1)(a)(v) (permitting the filing of an optional post-sentence motion including, *inter alia*, a motion to modify sentence; and requiring requests for relief to be stated with particularity). As we explained above, Appellant's post-sentence motion identified only a boilerplate challenge to the weight of the evidence. Appellant failed to file an amended or supplemental post-sentence motion despite receiving two extensions of time to do so. Because Appellant failed to preserve his discretionary sentencing challenge for appeal, this claim is waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."); *see also Commonwealth v. Williams*, 900 A.2d

- 8 -

906, 909 (Pa. Super. 2006) (stating that "including an issue in a Concise Statement does not revive issues that were waived in earlier proceedings.").[5]

Based upon the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/12/2024

_____

[5] Even if Appellant had preserved this claim for appeal, we would conclude that it lacks merit. Appellant concedes that the trial court imposed a standard-range sentence. **See** Appellant's Brief at 26; **see also Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). Therefore, we may only vacate Appellant's sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). The record confirms that the trial court considered the sentencing guidelines, was aware of all relevant sentencing factors, and was informed by a PSI. **See** N.T., 7/27/22, at 47-52 (trial court detailing its reasons for imposing the sentence); Trial Court Opinion, 4/18/23, at 11-13 (addressing and rejecting Appellant's challenge to the discretionary aspects of sentence); **see also Moury**, 992 A.2d at 171 (stating that when the trial court has the benefit of a PSI, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Appellant's standard-range sentence is not clearly unreasonable under the circumstances of this case.